# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:20-CR-87-KAC-HBG |
| | ) | |
| TAWANA CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

This case is before the Court on Defendant Tawana Cortez's *pro se* letter, filed on June 22, 2021, and docketed as a motion for medical treatment [Doc. 157]. United States District Judge Katherine A. Crytzer referred the motion to the undersigned on June 23, 2021 [Doc. 158]. See 28 U.S.C. § 636(b). Defendant Cortez states that while she was in custody at the Blount County jail, she had a referral to a cardiologist and was scheduled to have a heart catherization and possible stints on April 12, 2021. However, Defendant contends that she was moved to the Laurel County Correctional Center ("LCCC") on April 1, 2021, before she had the procedure. Defendant states that she is awaiting another referral directing LCCC to transport her for the procedure. Defendant asks the Court to check on this matter because she fears that she may have a heart attack or stroke, due to her blood pressure problems.

The Court appointed Attorney Jonathan S. Wood to represent Defendant Cortez at her initial appearance and arraignment on October 6, 2020. The local rules of this Court prohibit a party from filing motions in his or her own behalf, while the party is represented by counsel. *See* E.D. Tenn. L.R. 83.4(c). The Defendant's motion for medical treatment [**Doc. 157**] is **DENIED**, because it is filed in violation of Local Rule 83.4(c). The Court observes that based upon the

representations in the Defendant's letter it appears that both the medical staff at LCCC and the United States Marshal's Service are aware that Defendant Cortez needs the catherization procedure. Mr. Wood is **DIRECTED** to review the Defendant's *pro se* filing [Doc. 157], to check on the status of Defendant's medical procedure, and to determine what further action to take. Counsel should first consult with the United States Marshals on issues relating to the Defendant's conditions and care, before filing a motion. Finally, Mr. Wood is **DIRECTED** to advise Defendant Cortez of this Order.

In summary, the Court **ORDERS** as follows:

(1) Defendant Cortez's *pro se* motion for medical treatment [**Doc. 157**] is **DENIED**, because it is filed in violation of Local Rule 83.4(c);

(2) Defendant Cortez is **DIRECTED** to make all requests for relief from the Court through counsel; and

(3) Defense counsel is **DIRECTED** to review the Defendant's *pro se* filing [Doc. 157], to check on the status of Defendant's medical procedure, and to determine what further action to take. Defense counsel is also **DIRECTED** to advise Defendant Cortez of the contents of this Order.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge